# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-576-FDW

| | |
|---|---|
| WILLIE T. BOBBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU SCOTT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Letter, (Doc. No. 46), in which he seeks leave of court to schedule depositions.

The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants. "[E]xpenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." United States v. MacCollom, 426 U.S. 317, 321 (1976). The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant. Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995). Therefore, a plaintiff must ordinarily bear the costs of his litigation even in *pro se* cases. See generally id.; Tabron v. Grace, 6 F.3d 147, 159-60 (3d Cir. 1993) ("as a general rule, indigent litigants bear their own litigation expenses, at least initially.").

Plaintiff seeks leave to take four depositions of non-expert witnesses. The Court prefers that *pro se* plaintiffs use interrogatories and discovery requests rather than depositions to obtain discovery due to safety concerns for the North Carolina Department of Public Safety. Furthermore, Plaintiff has not shown that he can afford to pay fort he costs of a court reporter or witness fees,

1

as he is required to do despite the fact that he is proceeding *in forma pauperis*. For these reasons, Plaintiff's request to take four depositions of non-expert witnesses is denied at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Letter, (Doc. No. 46), is construed as a motion for leave to take depositions and is **DENIED** at this time.

Signed: December 7, 2018

Frank D. Whitney
Chief United States District Judge