# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-576-FDW

| | | |
|---|---|---|
| WILLIE T. BOBBITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU SCOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Discovery, (Doc. No. 54), Plaintiff's Motion to Appoint Counsel, (Doc. No. 57).

Plaintiff argues in his Motion to Compel Discovery that Defendants should be compelled to produce for inspection and copying "Plaintiff's medical and mental health records [and] Defendants' disciplinary history." (Doc. No. 54 at 1). He claims that he submitted a written request for these documents on September 16, 2018, but he has not yet received them. He asks that the Defendants be ordered to pay $150 as reasonable expenses to obtain this Order on the ground that "Defendants' refusal to produce the documents had no substantial justification." (Doc. No. 54 at 1). Plaintiff further states in a Letter attached to his Motion that Assistant Superintendent Marshall Pike is refusing to allow to Plaintiff to see the surveillance video regarding his case, which Plaintiff has only viewed once. He asks for an order requiring prison staff to allow Plaintiff to view the video as many times as he wishes.

Defendants filed a Response with Exhibits explaining that they have already fulfilled their obligations to respond to Plaintiff's discovery requests. Plaintiff's request for records is moot

1

insofar as Defendants produced over 1,500 pages of mental and medical health records to Plaintiff in a supplemental discovery response on January 29, 2019, and Defendants produced the requested disciplinary records without objection on October 22, 2018. With regards to Plaintiff's assertion in his Letter that he was only allowed to view the video once, Defendants assert that Plaintiff watched the video on January 10, 2019 beginning at 1450 hours and did so until he indicated he was finished approximately 15 minutes later and accordingly he had sufficient time to view the videotape. Defendants have filed as an Exhibit an "Acknowledgement of Viewing Surveillance Video" signed by Plaintiff states that he has "viewed the surveillance video relating to the March 17, 2016 incident as [he] had requested in Plaintiff's Second Request for Production of Documents…." (Doc. No. 55-2 at 1).

The Court concludes that Plaintiff's Motion to Compel is moot with regards to his requests for medical record, mental health records, and disciplinary records, and that he had an adequate opportunity to view the videotape at issue. Therefore, the Motion to Compel will be denied.

In support of his Motion for the Appointment of Counsel, Plaintiff states that he is unable to afford counsel, a trial will likely involve conflicting testimony, and counsel would be better able to present evidence and cross-examine witnesses, his imprisonment will greatly limit his ability to litigate because he does not have access to a law library, Plaintiff has no outside help, Plaintiff has limited formal education and mental health issues, and he is in segregation. (Doc. No. 57).

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

The record reflects that Plaintiff has been able to adequately represent himself in these

proceedings. This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion seeking the appointment of counsel will be denied.

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Motion to Compel Discovery, (Doc. No. 54), is **DENIED.**

2. Plaintiff's Motion for the Appointment of Counsel, (Doc. No. 57), is **DENIED**.

Signed: February 5, 2019

Frank D. Whitney
Chief United States District Judge